```
THOMAS P. O'BRIEN                                    E-FILED 8/7/2009
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney                     JS-6
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
PIO S. KIM
Assistant United States Attorney
Asset Forfeiture Section
California State Bar No. 156679
     United States Attorney's Office
     U.S. Courthouse, Suite 1400
     312 N. Spring St.
     Los Angeles, CA 90012
     Telephone: (213)894-2569
     Facsimile: (213)894-7177
     E-mail: Pio.Kim@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 09-02205-GAF (VBKx) |
| Plaintiff, | [PROPOSED] |
| v. | CONSENT JUDGMENT |
| REAL PROPERTY LOCATED ON JACK RABBIT LANE, MURRIETA, CALIFORNIA (J. LAPIERRE), | |
| Defendant. | |

On March 30, 2009, the government filed its complaint in this action, alleging that the defendant real property (the "Jack Rabbit property") is subject to forfeit pursuant to 18 U.S.C.

§§ 981(a)(1)(A) & (C) on the ground that (1) it constituted or is traceable to proceeds of a scheme to defraud in violation of 18 U.S.C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud); and (2) was involved in the illegal laundering of proceeds of the above-described specified unlawful activities in violation of 18 U.S.C. § 1956 and 18 U.S.C. § 1957.

Notice of this action was given and published in accordance with law. There have been no appearances in this action. However, the government, on the one hand, and potential claimants Hopp, LLC ("Hopp"), a California limited liability company with a secured interest in the Jack Rabbit property; Jay LaPierre ("J. LaPierre"), a record owner of the property; and Heather LaPierre ("H. LaPierre"), another record owner of the property, on the other hand, have agreed to settle this forfeiture action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of the government and the above-mentioned three potential claimants, HEREBY ORDERS, ADJUDES AND DECREES THAT:

1.   This Court has jurisdiction over the action and the parties pursuant to 28 U.S.C. §§ 1345 & 1355.

2.   The complaint for forfeiture states claims for relief pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

3.   Notice of this action was provided as required by law. All potential claimants other than Hopp, J. LaPierre and H. LaPierre have been notified of this action through publication, and as to

these potential claimants, the time to file a claim and an answer has expired.  The Court deems that all potential claimants other than Hopp, J. LaPierre and H. LaPierre admit the allegations of the complaint for forfeiture to be true, and hereby enters default against all such potential claimants.

4.  The Jack Rabbit property's legal description is as follows:

> Lot 15 of Tract No. 30694 as shown on the subdivision Map filed in Book 408, at Pages 99-112, inclusive, of Maps in the Office of the Riverside County Recorder.

The Assessor's Parcel Number is 480-490-015-7.

5.  The Jack Rabbit property is hereby forfeited to the government subject to the secured interest held by Hopp in the real property as evidenced by the Installment Note, dated May 6, 2008, attached as Exhibit "A", and the Deed of Trust with Assignment of Rents, dated May 6, 2008, attached as Exhibit "B", which lien is recognized by the government and potential claimants J. LaPierre and H. LaPierre, and there shall be no other interest in the property other than as provided below.

6.  Upon entry of this Consent Judgment, the government will attempt to sell the Jack Rabbit property and, if successful, shall distribute the funds generated by the sale in the following priority:

    (a)  First, to payment of the expenses, fees and taxes customarily associated with a sale of real property, including recording fees, county transfer fees,

reconveyance fees, escrow fees, sub-escrow fee, Federal Express/messenger fees, wire service fees, real estate broker commissions and the real property taxes to the applicable County Assessor and Tax Collector;

    (b)    Second, to the United States Marshals Service for its costs and expenses of sale;

    (c)    Third, to the extent that sufficient funds are available:

        (1)    all unpaid principal due as of the date of sale to Hopp under Exhibit "A" and Exhibit "B";

        (2)    all unpaid interest due and presently accruing at the contractual rate prescribed in Exhibit "A";

        (3)    costs of collection and foreclosure fees;

        (4)    attorney's fees as provided by the Note and Deed of Trust, not to exceed $5,000.00;

        (5)    costs advanced for property maintenance, including payments for fire and liability insurance, until sale of property, not to exceed $2,000.00; and

    (d)    Fourth, to the government to be forfeited and disposed of according to law.

    7.    Upon request by the government, Hopp will timely provide, in writing, its payoff amount under the Note, the Deed of Trust and paragraph 6 herein.  The government will consider the payoff amount in formulating the marketing and sale price of the Jack Rabbit property, and shall not sell the property without written consent

from Hopp or court authority, if the amount or projected proceeds of sale will not satisfy the total amount due under sub-paragraphs 6(a) through 6(c).

8.  Any payment to Hopp from the sale proceeds of the Jack Rabbit property pursuant to this consent judgment, whether or not the funds generated by the sale are sufficient to pay the claim of Hopp in full, shall be in full settlement and satisfaction of any and all claims by Hopp to the Jack Rabbit property as against the United States.

9.  The parties hereto agree to cooperate fully in executing any documents necessary to convey clear title to the Jack Rabbit property and to resolve any dispute which may arise from the contemplated sale of the property and payment to Hopp.

10.  Hopp, J. Lapierre and H. LaPierre hereby release the United States of America, and its agencies, departments, officers, and employees, including, without limitation, employees of the United States Attorney's Office for the Central District of California and the Federal Bureau of Investigation, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or expenses on behalf of the claimants, pursuant to 28 U.S.C. § 2465 or otherwise, except as otherwise specifically provided for herein.

/ / /

11. The Court finds that there was reasonable cause for the initiation and/or continuation of this forfeiture action against the Jack Rabbit property. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

12. The Court retains jurisdiction to enforce the terms of this Consent Judgment.

Dated: August 6, 2009            _____
                                 UNITED STATES DISTRICT JUDGE

### CONSENT

The government and potential claimants Hopp, LLC, Jay LaPierre and Heather LaPierre consent to this judgment and waive any right of appeal.

                                      Respectfully submitted,

                                      THOMAS P. O'BRIEN
                                      United States Attorney

                                      CHRISTINE C. EWELL
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                      STEVEN R. WELK
                                      Assistant United States Attorney
                                      Chief, Asset Forfeiture Section

Dated: _____, 2009          _____/S/_____
                                 PIO S. KIM
                                 Assistant United States Attorney

                                      Attorneys for plaintiff United States of America

                                      HOPP, LLC.

Dated: _____, 2009          _____/S/_____
                                 By: R-Cal Enterprises, INC., manager
                                 By: Gary R. Hopp, president

```
Dated: _____, 2009              _____/S/_____
                                    JAY LAPIERRE
                                    Claimant


Dated: _____, 2009              _____/S/_____
                                    HEATHER LAPIERRE
                                    Claimant
```

Approved as to form and content.

```
Dated: _____, 2009              _____/S/_____
                                    JANET SHERMAN
                                    Attorney for Claimant Hopp, LLC


Dated:_____, 2009              _____/S/_____
                                    DAVID GIVOT
                                    Attorney for Potential Claimants
                                    Jay LaPierre and Heather LaPierre
```